IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CESAR A. ROJAS,**

        **Petitioner,**

**v.**                                                 **Civil Action No. 5:06cv88**
                                                           **(Judge Stamp)**

**AL HAYNES,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

The petitioner initiated this action on July 17, 2006, by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. In the petition, the petitioner challenges the events surrounding a prison disciplinary proceeding that resulted in the loss of good time. On September 21, 2006, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. Accordingly, the respondent was directed to show cause why the petition should not be granted.

On October 19, 2006, the respondent filed a Motion to Dismiss the petition as moot. The Court issued a Roseboro Notice on October 24, 2006, informing the *pro se* petitioner of his right to file material responsive to the respondent's dispositive motion. On November 13, 2006, the petitioner filed a Motion to Stay and Objection to Respondent's Motion to Dismiss. The petitioner subsequently filed a Motion to Proceed with the Above Action.

This case is now before the undersigned for a report and recommendation on the pending motions.

**I. The Pleadings**

**A. The Petition**

In the petition, the petitioner asserts that he was charged with a violation of Code 101 - Assault With Serious Injury. Attached to the petition is a copy of the incident report with which the petitioner was charged. Petition (dckt. 4) at Ex. A. According to that document, on June 29, 2005, at approximately 6:00 p.m., inmate Fabian Fernandez Hidalgo was assaulted in the Cardio Room at F.C.I., Pekin, Illinois. Id. Investigation into the incident revealed that Inmate Ortiz lured Inmate Fernandez-Hidalgo to the recreation area, then struck him on the head and knocked him to the floor. Id. Inmates Carnejo-Lopez, Rojas (petitioner), and Rojas-Espinosa then repeatedly kicked Inmate Fernandez-Hidalgo in the head and torso. Id. After the incident, the petitioner also publically berated Inmate Fernandez-Hidalgo and ordered him off the compound. Id. Inmate Fernandez-Hidalgo sustained multiple bruises and abrasions to his face, neck, torso and back. Id. The investigating officer determined the injuries were consistent with an assault. Id. The investigation into the incident concluded on July 20, 2005, and the petitioner's incident report issued at 12:00 p.m. that same day. Id. The petitioner received a copy of the incident report a short time later, at 1:40 p.m., and gave a statement. Id. The petitioner stated that the report was false and that he "did not do it." Id.

On August 5, 2005, the petitioner received a preliminary hearing before the Unit Disciplinary Committee ("UDC"). Id. The UDC referred the charges to a Disciplinary Hearing Officer ("DHO) and recommended 60 days disciplinary segregation, 41 days loss of good conduct credit, and six months loss of commissary privileges. Id. The petitioner received a copy of the UDC's findings later that same day. Id. at Ex. B. At that time, the petitioner was notified that his DHO hearing would be held on the next available docket. Id. The petitioner requested an inmate witness, Monte

Ryan, who could allegedly testify that the petitioner was watching a softball game and could not have committed the assault. Id. The form is not completed as to whether or not the petitioner requested staff representation. Id.

The petitioner's DHO hearing was held on August 17, 2005. Id. Ex. C at 1. The report from that hearing states that the petitioner was advised of his rights on August 5, 2005, that the petitioner waived his right to staff representation, and that the petitioner denied the charges. Id. As to witnesses, the report states that no witnesses were called and that the petitioner waived his right to call inmate M. Ryan during the hearing. Id. at 1-2. The report also shows that the DHO found that the petitioner committed the act as charged. Id. at 2. In making this finding, the DHO reportedly relied on the investigation report and information provided by confidential informants. Id. The DHO noted that he gave the greater weight of the evidence to the statement of reporting staff because staff has an obligation to report the truth and submit accurate statements. Id. Moreover, the DHO found that the information provided by the confidential informants, coupled with Inmate Fernandez-Hidalgo's injuries, was credible and worthy of belief. Id. As a result, the petitioner was sanctioned 60 days disciplinary segregation, 40 days loss of good conduct time, 180 days loss of commissary privileges and forfeiture of 134 days of non-vested good conduct time. Id. at 3.

The petitioner appealed the decision of the DHO to the North Central Regional Office on October 13, 2005. Id. at Ex. D. Attached to his appeal was an injury assessment form showing that the petitioner had no injuries immediately after the time of the alleged assault. Id. at Att. 1. In addition, the petitioner attached a statement by Inmate Ortiz in which Mr. Ortiz states that he, and he alone, assaulted inmate Fernandez-Hidalgo and that he lied to the investigative officer about the petitioner's involvement in the assault. Id. at Att. 2. Mr. Ortiz states that he was under duress at the time the statement was made and that he was scared. Id. Therefore, Mr. Ortiz states that he

3

implicated the petitioner, and Inmates Cornejo-Lopez and Rojas-Espinosa, only to help himself. Id. Mr. Ortiz states that the petitioner, Inmate Cornejo-Lopez and Inmate Rojas-Espinosa were not even around at the time of the assault. Id. The North Central Regional Office denied the petitioner's appeal on November 22, 2005. Id. at Ex. G.

The petitioner appealed the denial of is Regional Office appeal to the Central Office on December 10, 2005. Id. at Ex. H. The petitioner's Central Office appeal was denied on February 14, 2006. Id. at Ex. J.

In the petition, the petitioner makes the following claims with regard to his disciplinary proceedings:

(1) He was unlawfully charged with assault with serious injury;

(2) The Bureau of Prisons ("BOP") improperly classified the incident under Code 101;

(3) The BOP unlawfully delayed his UDC Hearing, without notice or approval from the Warden;

(4) The BOP violated his right to a proper UDC hearing and did not follow its own rules governing such hearings;

(5) The BOP waived his right to staff representation before the DHO;

(6) The BOP unlawfully tampered with evidence when it failed to submit all available and relevant evidence regarding the case;

(7) The BOP waived his right to a witness;

(8) The BOP violated disciplinary, security, and safety procedures, and failed to follow its own rules governing hearings;

(9) The DHO never mentioned some of the imposed sanctions during the DHO hearing;

(10) The BOP failed to follow disciplinary procedures, violated due process, and failed to

follow its own rules governing hearings;

(11) The BOP unlawfully confined/falsely imprisoned the petitioner in disciplinary segregation;

(12) The BOP failed to comply and submit all pertinent records regarding the case to the BOP's Regional Appeals Office;

(13) The BOP's North Central Regional Office violated Administrative Remedy Procedure;

(14) The BOP failed to notice all evidence, and did not base its decision on the greater weight of the evidence in the presence of conflicting evidence;

(15) The BOP National Inmate Appeal's Central Office violated administrative remedy procedure.

As relief, the petitioner wishes the Court to overturn, repeal, and expunge the BOP's disciplinary decision and sanctions against him with regard to incident report # 1363204.

## B. The Respondent's Motion to Dismiss as Moot

In response to the petition, the respondent asserts that since the filing of the petitioner's § 2241 petition, the Mid-Atlantic Regional Discipline Hearing Administrator and National Appeals Administrator, Nancy Trudel, has reviewed the petitioner's disciplinary packet and has determined that the petitioner should receive a new DHO hearing.[1] Memorandum (dckt. 10-2) at 4. Therefore, the respondent argues that the sanctions imposed against the petitioner will not apply and it will be as if the hearing is being held for the first time. Id. Thus, the respondent argues that because the

---

[1] The alleged assault occurred at FCI-Pekin, within the BOP's North Central Region. Memorandum, Att. A at ¶ 6. Consequently, the petitioner's initial disciplinary proceedings took place at FCI-Pekin and his disciplinary appeals were forwarded to the North Central Regional Office. Id. However, at the time this case was filed, the petitioner was incarcerated at the Hazelton Penitentiary in Bruceton Mills, West Virginia. Id. at ¶ 5. Because Hazelton is located within the BOP's Mid-Atlantic Region, review of the petitioner's disciplinary proceedings for purposes of this case, was conducted by the Mid-Atlantic Regional Office.

case has been remanded for a rehearing, the case is now moot and should be dismissed. Id.

In support of this argument, the respondent argues that the reexamination of the petitioner's disciplinary packet revealed that portions of the packet were not completed in their entirety and that the petitioner's DHO hearing was hindered.[2] Id. at 6. Moreover, the respondent asserts that by returning the incident report to the institution for rehearing, the sanctions have effectively been repealed and overturned. Id. Thus, the respondent asserts that the petitioner has been provided the relief sought in the petition and there is no longer any relief for the Court to award. Id. at 7.

**C. The Petitioner's Reply and Motion to Stay**

In his reply, the petitioner objects to the respondents conclusion that by remanding his case for rehearing, he has received the relief sought in the petition. Objections (dckt. 12) at 2. In support of this claim, the petitioner asserts that the relief he requested in the petition was for the repeal and expungement of the disciplinary report. Id. The petitioner then argues that remanding his case for rehearing does not grant him the relief requested. Id. In addition, the petitioner asserts that the respondent argues that the remanding of his disciplinary report renders his sanctions as if they had never been imposed. Id. However, the petitioner asserts that since the disciplinary report has been remanded, his projected release date has not changed. Id.[3] Therefore, the petitioner asserts that the sanctions are still being applied to his sentence. Id. Nonetheless, the petitioner concedes that the remanding of his case could result in the expungement or repeal of his case, but he asserts that the consequences of that action cannot be known until such time as the rehearing takes place. Id. at 3.

Furthermore, the petitioner asserts that the remand of his case to the BOP for the reasons

---

[2] This decision appears to be based solely on the fact that the disciplinary packet is not clear as to whether or not the petitioner requested staff representation. Memorandum, Att. A at ¶ 9.

[3] See also Objections (dckt. 12) at Ex. A.

stated do not end his claim. Id. The petitioner asserts that he has raised numerous issues of constitutional violation, besides his claim regarding staff representation. Id. at 3-4. Therefore, the petitioner asserts that the other issues in the petition are still "live," irrespective of the BOP remanding his case on the issue of staff representation. Id. at 4.

In light of the issues remaining in this case, the petitioner asserts that his case is not moot and that the court should proceed to a determination of the merits. Id. at 5. In the alternative, the petitioner asserts that the Court should stay the proceedings until after his disciplinary report has been reconsidered on remand. Id.

## II. Petitioner's Motion to Proceed With Action

On March 20, 2007, the petitioner filed a Motion to Proceed With Above Entitled Action, in which he asserts that he received his rehearing on February 2, 2007. Motion (dckt. 13) at 1. At that hearing, the petitioner asserts that his "conviction," and the "sanctions previously imposed," were upheld. Id. Moreover, the petitioner raises new issues with regard to his disciplinary report. For example, the petitioner asserts that requested video evidence was not made available. Id. at 2. In addition, the petitioner asserts that because of the protracted length of the proceedings, his witness was no longer available because he has been released. Id. The petitioner asserts that because staff failed to interview the witness or make him available previously, the petitioner's defense has been hampered immensely. Id. The petitioner also makes claims regarding the handwritten statement of Mr. Ortiz and the DHO's accusations that such letter was doctored by the petitioner. Id. at 2-3. Finally, the petitioner asserts that he was not given an opportunity to review certain evidence that may or may not have been used against him. Id. at 3. Therefore, the petitioner seeks to have the Court proceed on the merits of this case.

## III. Analysis

7

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

As set forth by the petitioner in his objections, this case did not become moot based on the remand by the Mid-Atlantic Regional Office. It appears that the decision to remand was based solely on the petitioner's claim that he did not receive staff representation. In addition, it does not appear as if the sanctions imposed against the petition were lifted as a result of the remand. The remand by the BOP did not overturn or expunge the incident report, it merely provided the petitioner with a rehearing on the charges. The issues raised by the petitioner in his petition are still viable and remain to be resolved, despite what happens on remand.[4] Accordingly, the issues raised in the petition are not moot and the motion to dismiss should be denied.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss as moot (dckt. 10) be **DENIED** and the respondent be **DIRECTED** to file a response on the merits. In addition, in light of the petitioner's rehearing held on February 2, 2007, the undersigned recommends that the petitioner's Motion to Stay (dckt. 12) be **DENIED as moot**. Finally, as a result of the recommendations already made herein, it is further recommended that the petitioner's Motion to Proceed With Above Action (dckt. 13) be **GRANTED**.

---

[4] For example, the petitioner argues that the BOP violated his due process rights by failing to follow its own procedures. Such a technical claim would be unaffected by the remand, unless of course, the remand resulted in expungement. Since that clearly has not happened, such issues are not now moot, nor were they at the time the respondent's motion was filed.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner.

DATED: July 12, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE