IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CESAR A. ROJAS,

    Petitioner,

v.                                  Civil Action No. 5:06CV88
                                                  (STAMP)
JOE DRIVER,[1]

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING IN PART AND
DECLINING TO ADOPT IN PART REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On July 17, 2006, the pro se petitioner, Cesar A. Rojas, filed an application for habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner asserts various violations of due process, violations of the disciplinary process, and violations of the administrative remedy process arising out of a disciplinary hearing at which the petitioner was found guilty of assaulting another inmate. United States Magistrate Judge John S. Kaull conducted a preliminary review of the petition, determined that summary dismissal was not appropriate at that time, and on September 21, 2006, directed the respondent to show cause why the petition should not be granted. On October 19, 2006, the respondent filed a motion to dismiss the

---

[1] In October 2006, Joe Driver replaced Al Haynes as the Warden at USP-Hazelton. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Warden Joe Driver is automatically substituted as the defendant in this action.

petition as moot. In response, the petitioner filed objections to the respondent's motion to dismiss or, in the alternative, a motion to stay pending the outcome of a disciplinary rehearing on the assault charge scheduled at USP-Hazelton. Following the rehearing, the petitioner filed a motion to proceed with the above action.

On July 12, 2007, Magistrate Judge Kaull issued a report recommending that the respondent's motion to dismiss be denied. Magistrate Judge Kaull additionally recommended that the petitioner's motion to stay be denied as moot and the petitioner's motion to proceed with the above action be granted. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The respondent filed timely objections.

## II. Facts

On June 29, 2005, an inmate at FCI-Pekin, Illinois was assaulted in a recreation area and sustained multiple injuries to his face, neck, torso and back. Special Investigative Service at FCI-Pekin conducted an investigation and concluded that petitioner Rojas was involved in the attack. An incident report, numbered 1363204, was prepared charging the petitioner with Assault with Serious Injury in violation of Code 101. A preliminary hearing was held before the Unit Discipline Committee ("UDC") on August 5, 2005. The UDC referred the matter to a Disciplinary Hearing

Officer ("DHO") for a disciplinary hearing. On the form notifying the petitioner of the disciplinary hearing, the petitioner requested to have an inmate witness testify at the hearing but did not complete the portion of the form regarding whether he wished to have staff representation.

A hearing before the DHO was held on August 17, 2005. The petitioner was found guilty of Assault with Serious Injury and was sanctioned to 60 days in segregation, loss of 40 days good conduct time, loss of 180 days of commissary privileges, and forfeiture of 134 days of non-vested good conduct time. The DHO report indicates that the petitioner waived his right to staff representation.

The petitioner appealed the decision of the DHO to the North Central Regional Office, and the appeal was subsequently denied. Thereafter, the petitioner appealed to the Central Office and that appeal was also denied.

Petitioner Rojas then filed an application for habeas corpus pursuant to 28 U.S.C. § 2241, in which he makes the following claims with regard to his disciplinary proceedings:

(1) He was unlawfully charged with assault with serious injury; (2) The Bureau of Prisons ("BOP") improperly classified the incident under Code 101; (3) The BOP unlawfully delayed his UDC Hearing, without notice or approval from the Warden; (4) The BOP violated his right to a proper UDC hearing and did not follow its own rules governing such hearings; (5) The BOP waived his right to

3

staff representation before the DHO; (6) The BOP unlawfully tampered with evidence when it failed to submit all available and relevant evidence regarding the case; (7) The BOP waived his right to a witness; (8) The BOP violated disciplinary, security, and safety procedures, and failed to follow its own rules governing hearings; (9) The DHO never mentioned some of the imposed sanctions during the DHO hearing; (10) The BOP failed to follow disciplinary procedures, violated due process, and failed to follow its own rules governing hearings; (11) The BOP unlawfully confined/falsely imprisoned the petitioner in disciplinary segregation; (12) The BOP failed to comply and submit all pertinent records regarding the case to the BOP's Regional Appeals Office; (13) The BOP's North Central Regional Office violated Administrative Remedy Procedure; (14) The BOP failed to notice all evidence, and did not base its decision on the greater weight of the evidence in the presence of conflicting evidence; (15) The BOP National Inmate Appeal's Central Office violated administrative remedy procedure.

As relief, the petitioner wishes the Court to overturn, repeal, and expunge the BOP's disciplinary decision and sanctions against him with regard to incident report number 1363204. Upon the government's review of the petition in preparation for filing a response, Regional Discipline Hearing Administrator Nancy Trudel determined that potential deficiencies existed in the original DHO hearing. Therefore, Ms. Trudel remanded the case to the

4

institutional level for rehearing before a DHO to ensure that the petitioner was afforded full due process. The respondent argues that in light of the remand, petitioner Rojas's § 2241 petition is moot.

On February 2, 2007, the petitioner received a rehearing before DHO Debbie Lohr. The DHO upheld the sanctions previously imposed.

### III. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the respondent has filed objections in this case, the Court will undertake a de novo review.

### IV. Discussion

In his report and recommendation, Magistrate Judge Kaull recommends that the respondent's motion to dismiss the petition as moot be denied and that the respondent be directed to respond to the petition on the merits. Specifically, Magistrate Judge Kaull states that despite the remand for rehearing, the issues raised in the petition are still viable because the remand did not expunge

5

the incident report or lift the sanctions against the petitioner. The magistrate judge also concluded that the decision to remand was based solely on the petitioner's claim that he did not receive staff representation. The respondent objects that (1) the BOP did restore petitioner's disallowed and forfeited good conduct time pending the outcome of the rehearing, (2) petitioner's rehearing was to afford him a full due process hearing, not merely to address concerns with staff representation, and (3) the issues raised by petitioner are no longer viable.

Upon review of the record, this Court finds that the respondent's second and third objections have merit. Article III of the Constitution limits the jurisdiction of federal courts to actual cases and controversies. A federal court has no authority to "give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992)(quoting Mills v. Green, 159 U.S. 651, 653 (1895)). A case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982)(quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980)). For instance, a claim becomes moot when "the claimant receives the relief he or she sought to obtain

6

through the claim." Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002).

In this case, the petitioner's claims are moot because no viable issues remain to be resolved. All of petitioner's claims, with the exception of one,[2] pertain to the initial DHO hearing held on August 17, 2005 and the petitioner's subsequent administrative appeals of the outcome of that hearing. Specifically, the petitioner alleges that he was denied various procedural protections at the initial DHO hearing and on appeal. However, after the petitioner filed his application for habeas corpus, the Regional Discipline Hearing Administrator remanded the petitioner's case for rehearing and the petitioner received a rehearing. At the rehearing, the petitioner was again found to have committed Assault with Serious Injury and the same sanctions were re-imposed. His complaints about the initial hearing were thereby rendered moot.

---

[2]The petitioner also alleges that he was unlawfully confined in disciplinary segregation. Disciplinary segregation does not per se implicate a constitutional liberty interest. See Sandin v. Conner, 515 U.S. 472, 486 (1995). Rather, such interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.
    This Court finds that the 60 day disciplinary segregation to which the petitioner was sanctioned does not impose a punishment that exceeds his sentence. In addition, the 60 day segregation did not create an atypical or significant hardship on the petitioner. Consequently, this Court finds that the petitioner has failed to demonstrate the existence of a liberty interest and failed to state a claim that his constitutional rights have been violated on account of his disciplinary segregation.

7

See Hayes v. Evans, 70 F.3d 85, 86 (10th Cir. 1995)(state court reversed and remanded for new trial petitioner's initial conviction before district court reached the merits of petitioner's habeas petition; therefore, habeas petition was rendered moot); Anderson v. Evans, 2006 WL 1049618, *1 (W.D. Okla. April 17, 2006)(where prisoner complained about a disciplinary hearing, and the same penalties were imposed upon rehearing, claim was rendered moot).

Generally speaking, "procedural errors are cured by holding a new hearing in compliance with due process requirements." Batanic v. Immigration and Naturalization Service, 12 F.3d 662, 667 (7th Cir. 1993). Even if the decision to remand the petitioner's case for rehearing was based solely on the petitioner's claim that he did not receive staff representation, the rehearing itself was not limited to the staff representation issue. Rather, the rehearing was a full disciplinary hearing on the incident report regarding the alleged assault. At the rehearing, the petitioner was entitled to all due process rights afforded inmates at disciplinary hearings. Thus, the second hearing rendered moot the petitioner's claims regarding the first hearing. Furthermore, any complaints the petitioner may have regarding the second hearing are not encompassed by the habeas petition before this Court.

Finally, to the extent that the petitioner alleges that the BOP's internal procedures for disciplinary hearings and administrative review were violated, such violations do not

implicate due process concerns in this case. Prison disciplinary proceedings are not part of a criminal prosecution. Therefore, the full panoply of rights that are due a defendant in a criminal proceeding do not apply in prison disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 556 (1974)("there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution"). However, inmates are entitled to some due process protections including: written notice of the charges at least 24 hours before a hearing to enable the inmate to prepare a defense, the ability to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety, and a written explanation of the evidence relied on and reasons for disciplinary action. Id. at 563-566.

In this case, the petitioner was constitutionally entitled to the procedures enumerated in Wolff v. McDonnell and no more. The technical violations of internal procedures of which the petitioner complains do not give rise to due process concerns. Moreover, to the extent that the petitioner complains about alleged mistakes in the administrative review of his first hearing, "the Constitution creates no entitlement to grievance procedures . . . ." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

Because the petitioner does not have a liberty interest in the non-Wolff procedures at issue and because the petitioner received a disciplinary rehearing at which the sanctions he complains of

9

were reimposed, the petitioner's application for habeas corpus does not remain viable.

## V. Conclusion

For the above-stated reasons, this court DECLINES TO ADOPT the magistrate judge's recommendation that the respondent's motion to dismiss be denied. Rather, this Court finds that the respondent's motion to dismiss must be GRANTED. Additionally, this Court hereby AFFIRMS and ADOPTS the remainder of the magistrate judge's report and recommendation. The petitioner's motion to stay is DENIED AS MOOT and the petitioner's motion to proceed with above action is GRANTED. Finally, the petitioner's motion for the introduction of relevant evidence has been considered herein and is hereby GRANTED. It is ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the plaintiff may request a circuit judge of the

United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   September 24, 2007


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE